IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| OSCAR MALONE, III,            ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.                                                     ) | No. 12-3019-STA |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION,) | |
| ) | |
| Defendant.           ) | |

_____

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
_____

Before the Court is Defendant U.S. Bank National Association's Motion to Dismiss (D.E. # 3) filed on November 27, 2012. Plaintiff Oscar Malone, III's response brief was due on or before December 28, 2012. On January 2, 2013, the Court ordered Plaintiff to file a response by January 10, 2013. To date Plaintiff has failed to respond. For the reasons set forth below, Defendant's Motion is **GRANTED**.

### BACKGROUND

Plaintiff filed his Complaint for Temporary Injunction in Shelby County Chancery Court on October 24, 2012, and Defendant removed the matter to the United States District Court for the Western District of Tennessee on November 21, 2012. (Notice of Removal, D.E. # 1). Plaintiff alleges that he is the owner of a single family residence located at 1769 Meadow Bark Cove in Cordova, Tennessee. (Compl. ¶ 1.) Plaintiff purchased the home in 2005 for $365,000. (*Id.* ¶ 2.) Defendant conducted a judicial foreclosure of the property on February 3, 2012. (*Id.* ¶ 3.) On March 27, 2012, Defendant filed a forcible entry detainer (docket #1549818) in Shelby County

1

General Sessions Court for the purpose of evicting Plaintiff from the property.  (*Id.* ¶ 4.) Plaintiff alleges that he had not previously entered into or violated a mortgage contract with Defendant, and as such Defendant had no legal right to foreclose. (*Id.* ¶ 5.)  Moreover, Defendant had no interest or rights in the property at the time of the foreclosure sale. (*Id.* ¶ 6.)  According to the Complaint, Defendant used a false "robo-signed" affidavit to execute the improper foreclosure sale.  (*Id.* ¶ 7.)

Based on these allegations, the Complaint asserts that Defendant violated the foreclosure requirements of Tenn. Code Ann. § 35-5-101 *et seq.*  (*Id.* ¶ 8.)  The Complaint also claims that Defendant conducted the foreclosure sale in bad faith by purchasing the property for only $147,050.00 in violation of the Tennessee Consumer Protection Act ("TCPA") by.  (*Id.* ¶ 9.) The Complaint alleges generally that Defendant knowingly and intentionally misrepresented the fact that it had any rights in the property at the time of the foreclosure and that it had any interest to be protected.  (*Id.* ¶ 10.)  Plaintiff claims that Defendant intentionally and in bad faith failed to conduct a legitimate judicial sale of the property in an effort to take the property without having to produce any legitimate basis of ownership or breach of contract.  (*Id.* ¶ 11.)  Therefore, Plaintiff seeks injunctive relief to enjoin Defendant from evicting him from the property and a declaration voiding the foreclosure sale.

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to state any claim for violation of the statutory requirements for foreclosure sales or the TCPA.  Defendant has attached to its Rule 12(b)(6) Motion certain exhibits, including documents recorded in the Shelby County Register of Deeds such as the deed of trust and papers filed in state court proceedings pertaining to Plaintiff and the subject property.  Based on these records, Defendant has asserted the following

2

facts in support of its Motion to Dismiss. Defendant argues that the deed of trust states that WMC Mortgage Corp. is the lender but also states that the "beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." (Def.'s Mot. to Dismiss, ex. 1, Deed of Trust, 3; *see also id.* at 1). On September 1, 2009, MERS assigned the deed of trust to "U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc. for Asset Backed Pass-Through Certificates Series 2006-WMC1," and this assignment was promptly recorded in the Shelby County Register of Deeds on September 17, 2009. (Def.'s Mot. to Dismiss, ex. 2, Assignment of Deed of Trust.) According to Defendant, Plaintiff defaulted on his mortgage, as noted in the trustee's deed recorded in the Shelby County Register of Deeds. (Def.'s Mot. to Dismiss, ex. 3, Trustee's Deed, ¶ 3).

Following Plaintiff's default under the terms of the mortgage, Defendant initiated a non-judicial foreclosure as set out in the trustee's deed. (*Id.*). Defendant, through its foreclosure counsel Wilson & Associates, sent a "Notice of Right to Foreclose" to Mr. Malone on October 27, 2010. (*Id.* at ¶ 4). Advertisement of the foreclosure sale was done through publication as provided in the Deed of Trust and under Tennessee statute. (*Id.*). The foreclosure sale date was postponed several times with the foreclosure sale finally occurring on February 3, 2012. (*Id.*).

Subsequent to the foreclosure sale, Defendant filed a detainer warrant in Shelby County General Sessions Court on March 27, 2012, to obtain possession of the property. (Def.'s Mot. to Dismiss, ex. 4, Detainer Warrant 1549818.) The General Sessions Court conducted a hearing and granted judgment in favor of Defendant on May 21, 2012, and ordered that a writ of possession be

issued.  (*Id.*).  Plaintiff appealed that decision to the Shelby County Circuit Court.  (Def.'s Mot. to Dismiss, ex. 5, Notice of Appeal.)  Before the Circuit Court, Defendant served requests for admissions to Plaintiff on June 21, 2012, to which Plaintiff never responded.  (Def.'s Mot. to Dismiss, ex. 6, Requests for Admissions filed in CT-002612-12.)  The Requests included a statement that Plaintiff defaulted on his mortgage payments due under the note.  (*Id.* ¶ 3.) Defendant ultimately filed a motion to dismiss the appeal, arguing that Plaintiff failed to comply with statutory surety requirements for appeals from General Sessions Court to Circuit Court. Plaintiff never filed a response to that motion, and the Circuit Court granted it following a hearing on September 14, 2012.  (Def.'s Mot. to Dismiss, ex. 7, Order Granting U.S. Bank's Motion to Dismiss.)  The Circuit Court remanded the case to General Sessions Court with an order for a Writ of Possession to be issued after 30 days on or after October 15, 2012.  (*Id.*)  Rather than appealing the Circuit Court's decision, Plaintiff filed a new unverified complaint in Shelby County Chancery Court on October 24, 2012, and Defendant removed the Complaint to federal court.

   As for the merits of Plaintiff's pleadings, Defendant contends that Plaintiff has failed to state any plausible claim.  Defendant argues that Plaintiff's allegation that Defendant lacked any interest in the subject property has no factual support in the Complaint.  Furthermore, Defendant has attached public documents available in the Shelby County Register of Deeds demonstrating that Defendant was the assignee of Plaintiff's deed of trust in 2009.  Under the circumstances, Plaintiff has failed to state any claim premised on the notion that Defendant had no interest in Plaintiff's property.  Defendant next argues that Plaintiff's allegations that Defendant conducted a judicial foreclosure sale but also violated Tennessee statutory requirements for non-judicial foreclosure sales appear to be contradictory.  In the alternative, Plaintiff fails to plead any facts to

4

support his claim, to specify which statute Defendant violated, or to allege how Defendant violated the statute. Defendant also argues that Plaintiff has failed to state a claim for violation of the TCPA. According to Defendant, the TCPA does not apply to the conduct of foreclosure proceedings. Finally, Defendant argues that Plaintiff's claim is barred as *res judicata*. Plaintiff failed to raise his claims before the Shelby County General Sessions Court or the Circuit Court for Shelby County. Therefore, dismissal of Plaintiff's claims with prejudice is warranted.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

5

conclusions" or "a formulaic recitation of the elements of a cause of action."[5]  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

The Court holds that Plaintiff's Complaint has failed to state any claim, making dismissal pursuant to Rule 12(b)(6) proper.  The Court will consider each of the causes of action alleged in the Complaint in turn.

**I. Defendant's Right to Foreclose**

First, Plaintiff has alleged that Defendant has "knowingly and intentionally misrepresented the fact that it had any rights to the property at the time of foreclosure or that it had any interest to be protected" based on the allegation that "Plaintiff has not previously entered into or violated any mortgage contract with the Defendant."[8]  Defendant characterizes this claim as a standing issue and argues that Plaintiff has failed to plead any facts to support the claim.  Defendant further

---

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Iqbal,* 556 U.S. at 678.

[8] Compl. ¶¶ 10, 5.  To the extent that Plaintiff's pleadings sound in misrepresentation or fraud, Plaintiff has failed to plead the cause with the requisite particularity.  *Power & Tel. Supply Co., Inc. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006) (holding that under Tennessee law a claim for intentional misrepresentation is analyzed in the same way as a claim for fraud and must meet Rule 9(b)'s particularity requirements).

argues that Plaintiff's claim is undermined by a publicly recorded assignment in 2009 showing that MERS assigned the deed of trust to Defendant. Defendant has produced a copy of the assignment, which does appear to show that on September 1, 2009, MERS assigned its rights in the deed of trust to Defendant.[9] Defendant has also produced a copy of the trustee's deed, which stated that Plaintiff had defaulted and requested that the successor trustee to sell the property.[10] The Court finds that it need not consider these exhibits to resolve Defendant's Motion to Dismiss.

The Court holds that Plaintiff has failed to state a claim related to Defendant's right to foreclose. Plaintiff has simply asserted that Defendant had no right to demand the foreclosure on Plaintiff's property. Plaintiff has not pleaded any other information about his mortgage, the deed of trust, or the promissory note, such as "the basic details of a contract" or "a copy of the note, any details of the note, or even that entity that was a party to the note."[11] In the absence of these minimal fact pleadings, the Court concludes that the Complaint fails to state a plausible claim for relief. Therefore, any claim related to Defendant's right to demand foreclosure must be dismissed.

In the alternative, the question of Defendant's right to possess the property is now *res judicata* because the General Sessions Court previously considered the matter and entered a final judgment in favor of Defendant. *Res judicata*, or claim preclusion, is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on

---

[9] Def.'s Mot. to Dismiss, ex. 2.

[10] *Id.*, ex. 3.

[11] *Coe v. Homecomings Fin., LLC*, no. 11-6462, 2013 WL 28098, at *1 (6th Cir. Jan. 2, 2013) (holding that complaint omitting these details failed to state a claim challenging mortgage company's right to foreclose).

the same claim or raising a new defense to defeat a prior judgment.[12] "The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action."[13] In order to assert claim preclusion under Tennessee law, a party must demonstrate that (1) the prior decision was a final decision on the merits, (2) the present action is between the same parties or their privies as those to the prior action; (3) the claim in a present action was or should have been litigated in the prior action; and (4) an identity exists between the prior and present actions.[14]

The Court holds that all of these elements are met in this case. The Complaint alleges that Defendant filed a forcible entry detainer on March 27, 2012, in an effort to evict Plaintiff following the foreclosure sale.[15] The General Sessions Court entered a detainer warrant in favor of Defendant, thereby giving Defendant the right to possess the property.[16] Plaintiff appealed that

---

[12] *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). *See also Richardson v. Tenn. Bd. of Dentistry,* 913 S.W.2d 446, 459 (Tenn. 1995). In *Mitchell*, the Sixth Circuit noted that "the United States Supreme Court expressed its preference for the use of the term 'claim preclusion,' rather than the more traditionally utilized term 'res judicata.'" *Mitchell*, 343 F.3d at 819 n.5 (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). In *Migra*, the Supreme Court explained that "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n.1.

[13] *Federated Dep't Stores, Inc., v. Moitie,* 452 U.S. 394, 398 (1981) (quotations omitted).

[14] *Lien v. Couch*, 993 S.W.2d 53, 55-56 (Tenn. Ct. App. 1998); *see also Mitchell*, 343 F.3d at 819. Because the Court has jurisdiction in this case by virtue of the parties' diversity of citizenship, the Court must apply the law of the state of Tennessee to determine what preclusive effect the state court's judgment has on the claims before this Court. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007).

[15] Compl. ¶ 4.

decision to Shelby County Circuit Court,[17] and the appeal was later dismissed for Plaintiff's failure to post a bond or surety.[18]  According to the order of dismissal, the Circuit Court remanded the case to General Sessions Court for the purpose of issuing a writ of possession on or after October 15, 2012.[19]  It is clear then that by challenging Defendant's right to conduct the foreclosure sale in the Complaint at bar, Plaintiff is essentially appealing the state court's judgment that Defendant had the right to possess the property.[20]  Because this issue was already litigated to a final judgment in a previous action between the same parties, the Court concludes that Plaintiff's

---

[16] Def.'s Mot. to Dismiss, ex. 4.  Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claims.  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).  Plaintiff's Complaint refers to Defendant's forcible entry detainer filed in state court and now seeks an injunction to prevent Defendant from evicting him from the home.  As a result, the Court holds that the detainer action is referred to in the pleadings and is central to Plaintiff's claim.

Additionally, the Sixth Circuit has held that it is proper to take judicial notice of a court order if only to note that it is "a final order for res judicata purposes."  Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008).  Defendant argues that Plaintiff is precluded from relitigating the issue of whether Defendant had a right to possess the property.  Under the circumstances, the Court can take judicial notice of the detainer warrant and the outcome of the proceedings before the General Sessions Court, including Plaintiff's appeal from the detainer warrant (ex. 5) and the Circuit Court's order of dismissal (ex. 7).

[17] Def.'s Mot. to Dismiss, ex. 5.

[18] *Id.*, ex. 7.

[19] *Id.*

[20] *See Givens v. Homecomings Fin.*, 278 F. App'x 607, 608-609 (6th Cir. 2008) (holding that a mortgagor's federal suit was barred as *res judicata* as well as by the *Rooker-Feldman* doctrine where the mortgagor challenged a foreclosure and the mortgagee's right to possess the property after a state court had already entered a judgment in the mortgagee's favor).

claim here is barred. The Court holds that the claim is subject to dismissal on this alternative basis. Therefore, Defendant's Motion is **GRANTED** on this claim.

## II. Violations of Tenn. Code Ann. § 35-5-101

The Court next holds that the Complaint fails to state any claim for violation of Tenn. Code Ann. § 35-5-101 *et seq.*, which sets forth the requirements for proper notice of a foreclosure sale in Tennessee. Plaintiff alleges that "the foreclosure sale was wholly conducted in violation of the requirements under [Tenn. Code Ann. §] 35-5-101 et seq."[21] However, the Complaint contains no factual support for Plaintiff's conclusory allegation. Plaintiff has alleged nothing to show that Defendant conducted a foreclosure sale without proper notice in violation of Tenn. Code Ann. § 35-5-101 *et seq*. Stripped of its bare legal conclusion that Defendant violated the statute, the Complaint fails to state a plausible claim. Therefore, Defendant's Motion to Dismiss is **GRANTED** as to this claim.[22]

---

[21] Compl. ¶ 8.

[22] Even if Plaintiff had pleaded enough facts to state the claim, Plaintiff would not be entitled to the relief he seeks, the voiding of the foreclosure sale. Tenn. Code Ann. § 35-5-106 states that should a sale proceed without complying with "the provisions of this chapter, the sale shall not, on that account, be either void or voidable." Consistent with this code provision, the long-standing rule in Tennessee is that a trustee's failure to comply with statutory foreclosure requirements "does not render the sale at foreclosure void or even voidable." **Error! Main Document Only.**  *Federal Nat. Mortg. Ass'n v. Robilio*, W2007-01758-COA-R3-CV, 2008 WL 2502114, at *7 (Tenn. Ct. App. June 24, 2008) (citing *Doty v. Fed. Land Bank of Louisville,* 89 S.W.2d 337 (Tenn. 1936); *Williams v. Williams,* 156 S.W.2d 363, 369 (Tenn. Ct. App. 1941)). *See also McSwain v. Am. Gen. Fin., Inc.*, 1994 WL 398819, at *2-3 (Tenn. Ct. App. July 22, 1994). The Tennessee Court of Appeals has commented that "[i]t is apparent that the legislature did not want uncertainty concerning land titles to prevail." *McSwain*, 1994 WL 398819, at *2 (concluding that Tenn. Code Ann. § 35-5-107 "specifically provide[d] relief for anyone affected by noncompliance with the foreclosure statutes"). Therefore, to the extent that Plaintiff seeks to have the foreclosure sale declared void for violations of Tenn. Code Ann. § 35-5-101, the Complaint fails to state a claim for relief.

10

### III. Violations of the TCPA

Finally, the Court holds that the Complaint has failed to state a claim for violation of the TCPA. The TCPA states that "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices . . . ."[23] Among the unfair or deceptive acts or practices listed in the TCPA is a catch-all provision that makes "engaging in any other act or practice which is deceptive to the consumer or to any other person" unlawful.[24] An "unfair or deceptive" act or practice is a "material representation, practice or omission likely to mislead a reasonable consumer."[25]

The Court holds that Plaintiff has failed to state a claim for violation of the TCPA. First, the TCPA does not apply to foreclosure proceedings. The Complaint has alleged that Defendant violated the TCPA by conducting a foreclosure sale "without consent and in bad faith," specifically by purchasing Plaintiff's property "for $147,050.00 despite its value of $365,000.00."[26] Although the TCPA creates a private cause of action for specified unfair or

---

[23] Tenn. Code Ann. § 47-18-104(a).

[24] § 47-18-104(b)(27).

[25] *Ganzevoort v. Russell,* 949 S.W.2d 293, 299 (Tenn. 1997).

[26] Compl. ¶ 9. Courts applying the TCPA have held that a plaintiff must plead with particularity the circumstances of the unfair or deceptive conduct. *E.g. Metro. Prop. & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 WL 1993446, at * 5 (6th Cir. Aug. 17, 2005) (applying Fed. R. Civ. P. 9(b)); *Harvey v. Ford Motor Credit Co.*, 8 S.W.3d 273, 276 (Tenn. Ct. App. 1999) (applying Tenn. R. Civ. P. 9.02)). The Court holds that Plaintiff has failed to allege with particularity any specific facts in support of his TCPA claim, and on this basis alone, the claim must be dismissed.

deceptive acts or practices,[27] the conduct of mortgage foreclosure proceedings is not one of them. More importantly, courts applying Tennessee law have consistently held that the TCPA does not reach the manner in which a lender conducts foreclosure proceedings.[28] The Tennessee Supreme Court rejected the application of the TCPA to consumer repossession in *Pursell v. First American National Bank*.[29] Although the *Pursell* court did not extend its ruling to all banking activities in Tennessee, the Court finds the *Pursell* rule applicable to foreclosure proceedings. The *Pursell* court was presented with the issue of whether the TCPA created a cause of action for deceptive repossession procedures. In a detailed analysis of the TCPA, the Tennessee Supreme Court held that repossession was not "trade or commerce" as defined in the Act and so the Act's protections did not cover repossession. The actions of a bank and its agent in carrying out a repossession,

---

[27] § 47-18-109(a) ("Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice described in § 47-18-104(b) and declared to be unlawful by this part, may bring an action individually to recover actual damages.").

[28] *Gilliard v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-236, 2012 WL 6139922 (E.D. Tenn. Dec. 11, 2012); *Paczko v. Suntrust Mortgages, Inc.*, M2011-02528-COA-R3CV, 2012 WL 4450896 (Tenn. Ct. App. Sept. 25, 2012); *Gilliard v. Recontrust Co., N.A.*, 1:11-CV-331, 2012 WL 4442525 (E.D. Tenn. Sept. 25, 2012); *Peoples v. Bank of America,* No. 11-2863, 2012 WL 601777, at *9 (W.D.Tenn. Feb.22, 2012); *Vaughter v. BAC Home Loans Servicing, LP*, No. 3:11-CV-00776, 2012 WL 162398, at *6 (M.D. Tenn. Jan. 19, 2012); *Wright v. Linebarger Googan Blair & Sampson, LLP*, 782 F. Supp. 2d 593, 609-10 (W.D. Tenn. 2011); *Flynn v. GMAC Mortg., LLC*, No. 03:11-CV-416, 2011 WL 4708858, at *2 (E.D. Tenn. Oct. 4, 2011); *Gibson v. Mortgage Elec. Registration Sys., Inc.,* No. 11–2173–STA, 2011 WL 3608538, at *5 (W.D.Tenn. Aug. 16, 2011); *Launius v. Wells Fargo Bank, N.A.*, No. 03:09-CV-501, 2010 WL 3429666, at *5-6 (E.D. Tenn. Aug. 27, 2010); *Simms v. CIT Group Consumer Fin.*, No. 08-2655-STA, 2009 WL 973011, at *9 (W.D. Tenn. Apr. 9, 2009); *Schmidt v. Natl. City Corp.*, No. 3:06-CV-209, 2008 WL 5248706, * 8 (E.D. Tenn. Dec. 17, 2008) (holding that held that there was no TCPA cause of action for the allegedly deceptive conduct of foreclosure proceedings); *Hunter v. Washington Mut. Bank*, No. 2:08-cv-069, 2008 WL 4206604, at * 5-6 (E.D. Tenn. Sept. 10, 2008).

[29] 937 S.W.2d 838 (Tenn. 1996).

12

"even if considered to be unfair or deceptive, did not affect the 'advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, tangible or intangible, real, personal, or mixed, and other articles, commodities, or things of value wherever situated.'"[30]  The *Pursell* court warned that the TCPA did "not extend to every action of every business in the State."[31]  Based on this authority, the Court concludes that Plaintiff has failed to state a claim under the TCPA for the manner in which Defendant conducted the foreclosure.  Therefore, Plaintiff's TCPA claim must be dismissed.

In the alternative, the Court holds that Plaintiff has no private right of action under the TCPA insofar as Plaintiff has alleged a violation of the Act under its catch-all provision at paragraph (b)(27).  The Tennessee Legislature amended this paragraph effective October 1, 2011, making it a violation to "[e]ngag[e] in any other act or practice which is deceptive to the consumer or to any other person; provided, however, that enforcement of this subdivision (b)(27) is vested exclusively in the office of the Attorney General and Reporter and the director of the division."[32]  According to the Complaint, Defendant foreclosed on Plaintiff's property on February 3, 2012.[33]  The Court concludes then that the amendment applies to Plaintiff's claim and that Plaintiff has no private right of action pursuant to paragraph (b)(27) as amended.  Plaintiff's TCPA claim must be dismissed for this reason as well.  Therefore, Defendant's Motion is **GRANTED** as to this issue.

---

[30] *Id*. at 841.

[31] *Id.*

[32] 2011 Pub. Acts, Ch. 510, § 15.

[33] Compl. ¶ 3.

Having concluded that Plaintiff's Complaint fails to state a claim, Defendant's Motion is granted, and Plaintiff's suit is dismissed with prejudice.

**IT IS SO ORDERED.**

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE

                                    Date: January 30, 2013.